# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**FILED**

May 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 18-0057** (BOR Appeal No. 2052111)
(Claim No. 2016015914)

**CURTIS MCINTIRE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by Denise D. Pentino and Aimee M. Stern, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Curtis McIntire, by J. Thomas Greene Jr., his attorney, filed a timely response.

The issue on appeal is the compensable conditions in the claim and the appropriate treatment for those conditions. The claims administrator denied a request for a left shoulder scope of the biceps tenodesis for the superior labrum, anterior and posterior, and subacromial decompression on August 31, 2016. On February 3, 2017, the claims administrator denied the addition of superior glenoid labrum lesion of the left shoulder and rotator cuff strain to the claim. The Office of Judges reversed the decisions in its July 24, 2017, Order, added the requested conditions to the claim, and authorized the surgery. The Order was affirmed by the Board of Review on December 28, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McIntire, a belt cleaner, was injured in the course of his employment on December 14, 2015. The employee's and physician's report of injury was completed the next day and indicated that Mr. McIntire was changing a waterline when the line fell and jerked his arm. He was diagnosed with left shoulder strain. A December 15, 2015, treatment note from United Hospital Center Emergency Room indicates Mr. McIntire was seen for a work-related injury to

1

his shoulder. X-rays showed no acute fracture or dislocation. The claim was held compensable for left shoulder joint sprain on January 14, 2016.

A May 19, 2016, treatment note by Joel Williams, nurse practitioner, indicates Mr. McIntire was seen for shoulder pain which had been occurring for the past six months. The pain had worsened over the previous two weeks. The assessment was left shoulder pain. An x-ray was normal. On July 12, 2016, Joseph Fazalare, M.D., noted that Mr. McIntire had tried physical and occupational therapy and had no relief. He had pain but normal range of motion. A July 31, 2016, MRI showed tendinosis of the supraspinatus tendon and moderate hypertrophic changes in the acromioclavicular joint.

Dr. Fazalare stated on August 10, 2016, that Mr. McIntire had failed physical therapy. He reviewed the MRI, diagnosed superior labrum tear from anterior to posterior, and recommended surgery. In a claim reopening application, Dr. Fazalare stated that left shoulder surgery had been scheduled for a left shoulder superior labrum tear. In the employer's information section, Ms. Shingleton, human resources coordinator for the employer, stated that based upon the medical records, the left shoulder tear appears to be degenerative. The employer disagreed with the information on the form.

In a December 19, 2016, diagnosis update, Dr. Fazalare requested the addition of left shoulder strain and superior glenoid labrum lesion of the left shoulder to the claim. He stated that the MRI was consistent with a superior glenoid labrum tear of the left shoulder and surgery was recommended.

Mr. McIntire testified in a deposition on December 22, 2016, that he injured his left shoulder at work when a waterline fell on him. He worked until he was laid off at the end of December of 2015. He returned on April 24, 2016. Mr. McIntire stated that he did not seek treatment during the time he was off of work because he was laid off. During that time, he had pain and loss of range of motion. He underwent physical therapy in June and July of 2016, but it did not help. Mr. McIntire asserted that he had no left shoulder problems prior to the compensable injury.

On January 31, 2017, David Soulsby, M.D., performed an independent medical evaluation in which he noted that Mr. McIntire had crepitation with range of motion and a positive impingement sign. Dr. Soulsby opined that the MRI showed mild hypertrophic changes due to acromioclavicular joint arthrosis. There was evidence of tendinosis. Dr. Soulsby diagnosed left shoulder strain, left shoulder impingement, and degenerative labral injury. He stated that there was evidence of preexisting acromioclavicular arthritis, impingement syndrome, and labral pathology. He noted that there was a subchondral cyst with a sclerotic border, indicating long-standing degeneration. Dr. Soulsby found no evidence of an acute rotator cuff injury and opined that the left shoulder damage was all degenerative in nature. He concluded that the requested surgery was not related to the compensable injury.

The claims administrator denied a request for a left shoulder scope of the biceps tenodesis for the superior labrum, anterior and posterior, and subacromial decompression on August 31,

2016. On February 3, 2017, it denied the addition of superior glenoid labrum lesion of the left shoulder and rotator cuff strain to the claim. The Office of Judges revered the decisions, authorized the requested left shoulder surgery, and added superior glenoid labrum lesion and rotator cuff strain to the claim in its July 24, 2017, Order.

The Office of Judges found that the claims administrator stated in its August 31, 2016, Order denying temporary total disability benefits that Mr. McIntire had not received medical treatment from December 15, 2015, through July 12, 2016. However, the Office of Judges determined that he was seen in May of 2016 for shoulder pain and an x-ray was taken at that time. The claims administrator's statement was therefore incorrect. The Office of Judges further found that Dr. Soulsby stated in his January 31, 2017, report that Mr. McIntire's problems were the result of degenerative changes. The Office of Judges determined that Dr. Soulsby failed to account for the fact that Mr. McIntire had no shoulder problems prior to the compensable injury and since the compensable injury, he has experienced ongoing shoulder problems which have failed to respond to conservative treatment. The Office of Judges concluded that though Mr. McIntire's MRI showed degenerative changes, he clearly suffered a work-related shoulder injury on December 14, 2015. It noted that there was no evidence of any shoulder problems prior to the compensable injury. After the injury, Mr. McIntire had loss of range of motion and continued pain. Dr. Fazalare's request to add superior glenoid labrum lesion of the left shoulder and rotator cuff strain to the claim was found to be supported by the evidence. The Office of Judges found that even if the reports of Drs. Fazalare and Soulsby were found to be of equal weight, the remainder of the medical evidence was found to support Dr. Fazalare's conclusions. The Office of Judges therefore added superior glenoid labrum lesion of the left shoulder and rotator cuff strain to the claim.

Regarding the requested surgery, the Office of Judges determined that since superior glenoid labrum lesion of the left shoulder and rotator cuff strain were found to be compensable conditions, the surgery should be authorized. Dr. Fazalare stated in his diagnosis update that the MRI was consistent with a superior glenoid labrum tear and that arthroscopy was recommended. Dr. Soulsby recommended the surgery be denied because it was not related to a compensable condition. Since the conditions were found to be compensable, the Office of Judges authorized the surgery. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 28, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Fazalare, Mr. McIntire's treating physician, found that superior glenoid labrum lesion of the left shoulder and rotator cuff strain were the result of the compensable injury. He also found that surgery was necessary medical treatment. The Office of Judges and Board of Review did not err in relying on his opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker